[No. F004265. Fifth Dist. June 14, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN CHARLES PEARSON, Defendant and Appellant.

**COUNSEL**

Jackson S. Wallace, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Roger E. Venturi and Willard F. Jones, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BEST, J.**—This case presents the novel question of whether the holder of a post office box has a reasonable expectation of privacy as to his name and residential address. We will conclude that he does not and affirm the judgment below.

## THE CASE

Following denial of his motion to suppress evidence, defendant pleaded guilty to the crimes of forgery and grand theft. He was found not guilty by reason of insanity and committed to Patton State Hospital. Defendant appeals from the denial of his Penal Code section 1538.5 motion.

## THE FACTS

Deputy Sheriff Jim Christopherson of the Kern County Sheriff's Department owned two Union Oil Company credit cards. In January 1983, he received a bill from Union Oil in the amount of $569.88 for a Minolta camera and accessories. Having never purchased the camera nor given anyone else permission to do so, he contacted Union Oil and was sent a copy of the order form, which revealed that someone had forged his signature on the order form. A United Parcel Service document also supplied by Union Oil indicated that the camera had been shipped to the United Parcel Service office in Bakersfield, which in turn, notified the person who placed the order by sending a postcard to a Bakersfield post office box address. Deputy Christopherson had never rented a post office box.

Upon informing his immediate supervisor of the above facts, Deputy Christopherson was ordered to investigate the matter in an official capacity. He went to the post office, spoke to a postal employee and was given a copy of a card containing the names of 10 to 12 persons who were authorized to use the post office box. Defendant's name and address were the first on the card which indicated that he had initially rented the box. After going to the address several times, Deputy Christopherson finally found defendant who voluntarily confessed to the crime.

## DISCUSSION

Defendant contends that he had a reasonable expectation that the United States Postal Service would keep his name and address confidential and that when Deputy Christopherson acquired that information from a postal employee without a search warrant defendant's right to privacy, as embodied in the Fourth Amendment to the United States Constitution and article I, sections 1 and 13 of the California Constitution, was violated.

*In re Lance W.* (1985) 37 Cal.3d 873 [210 Cal.Rptr. 631, 694 P.2d 744], recently decided by the California Supreme Court, held that Proposition 8 has abrogated a defendant's right to object to and suppress evidence seized in violation of the California, but not the federal, Constitution. Defendant's reliance on California precedent is therefore unavailing.

The United States Supreme Court has uniformly held that application of the Fourth Amendment depends on (1) whether the person invoking its protection by his conduct "has 'exhibited an actual (subjective) expectation of privacy,'" and (2) whether the individual's expectation, viewed objectively, is "reasonable" or "justifiable." (*Smith* v. *Maryland* (1979) 442 U.S. 735, 740 [61 L.Ed.2d 220, 226-227, 99 S.Ct. 2577].)

The question of whether a person has a reasonable expectation of privacy in information given to a post office is apparently one of first impression at both the state and federal levels. Guidance, however, may be found in analogous federal cases. In *United States* v. *Miller* (1976) 425 U.S. 435 [48 L.Ed.2d 71, 96 S.Ct. 1619], the defendant was charged with various federal violations involving defendant's operation of an unregistered still. Federal agents obtained copies of his bank records by means of subpoenas duces tecum. The defendant contended that he had a Fourth Amendment interest in the records kept by the banks because they were merely copies of his personal records made available to the banks for a limited purpose and in which he had a reasonable expectation of privacy. The high court, in rejecting defendant's argument, stated that the documents obtained contained information "voluntarily conveyed to the banks and exposed to their employees in the ordinary course of business." (*Id.,* at p. 442 [48 L.Ed.2d at p. 79].) The court further explained: "The depositor takes the risk, in revealing his affairs to another, that the information will be conveyed by that person to the Government. *United States* v. *White,* 401 U.S. 745, 751-752 (1971). This Court has held repeatedly that the Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by him to Government authorities, even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed." (*Id.,* at p. 443 [48 L.Ed.2d at p. 79].)[1]

The Supreme Court also has applied this reasoning to hold an individual has no reasonable expectation of privacy in the outgoing telephone numbers dialed from his home. In *Smith* v. *Maryland, supra,* 442 U.S. 735, the police requested the telephone company to place a pen register on the defendant's home phone to record the outgoing calls he made. Defendant contended that the police conducted a warrantless search and that evidence from the pen register should be suppressed. The high court, however, rejected this contention.

---

[1]See also *SEC* v. *Jerry T. O'Brien, Inc.* (1984) 467 U.S. 735, 743 [81 L.Ed.2d 615, 622, 104 S.Ct. 2720, 2726].

The court first noted that the defendant probably did not have an actual expectation of privacy in the numbers he dialed. People are aware that the telephone company has means by which numbers can be recorded. The court noted also the phone company routinely uses pen registers for various purposes such as checking billing operations, detecting fraud and checking for a defective dial. (*Smith* v. *Maryland, supra,* 442 U.S. at pp. 742-743 [61 L.Ed.2d at pp. 227-229].) Second, the court held that even if defendant did have some subjective expectation of privacy, the expectation was not one that society was prepared to recognize as reasonable. ■ The court relied on the principle discussed in *United States* v. *Miller, supra,* that a person has no legitimate expectation of privacy in information voluntarily disclosed to a third party. ■ In *Smith,* the court stated the defendant had "voluntarily conveyed numerical information to the telephone company and 'exposed' that information to its equipment in the ordinary course of business. In so doing, petitioner assumed the risk that the company would reveal to police the numbers he dialed." (*Smith* v. *Maryland, supra,* 442 U.S. at p. 744 [61 L.Ed.2d at p. 229].)

■ Finally, it has been held that no reasonable expectation of privacy is violated when the police request the post office to place a mail cover on an individual's mail. Under a mail cover, the post office makes a record of any data appearing on the outside cover of any mail received at a particular address. In *United States* v. *Choate* (1978) 576 F.2d 165, the defendant argued his Fourth Amendment rights were violated by the mail cover. The federal court held mail covers were constitutional, relying in part on *United States* v. *Miller.* The court held the information on the outside of an envelope was "voluntarily conveyed to the Postal System and exposed to its employees and others in the ordinary course of passage of letters and packages from the senders to the defendant." (*Choate, supra,* 576 F.2d at p. 175.)

■ Defendant claims he had a reasonable expectation of privacy because he rented the post office box to keep his name and home address secure from unauthorized persons. He relies on 39 United States Code section 412 which provides: "Except as specifically provided by law, no officer or employee of the Postal Service shall make available to the public by any means or for any purpose any mailing or other list of names or addresses (past or present) of postal patrons or other persons." Here, the information was not made available to the public, but rather to a law enforcement officer conducting an official investigation.

■ Also, the United States Postal Service Administrative Support Manual, upon which defendant also relies, contains numerous exceptions to the postal rules on confidentiality. For example, section 352.44d provides that

the recorded name and address of a holder of a post office box being used for doing or soliciting business with the public will be furnished to any person. Section 352.44e provides:

"e. Except as provided in 352.44D, the name or address of the boxholder is furnished only:

"(1) To a Federal, State, or local government agency upon prior written certification that the information is required for the performance of its duties.

"(2) To a person empowered by law to serve legal process upon prior written certification that the information is required to effect service,

"(3) In compliance with a subpoena or other court order, or

"(4) To a law enforcement agency, for oral requests made through the Inspection Service, but only after the Inspection Service has confirmed that the information is needed in the course of a criminal investigation. (All other requests from law enforcement agencies should be submitted in writing to the postmaster as in 352.44e(1))."

Section 352.44g provides: "g. If the location of a residence or a place of business is known to a Postal Service employee, whether as a result of official duties or otherwise, the employee may, but need not, disclose the location or give directions to it. No fee is charged for such information."

The rules for use of post office box and caller service contained in parts 951 and 952 of the Domestic Mail Manual for the United States Postal Service also provide that the information contained in an application for a post office box or caller number may be routinely disclosed "To a government agency, when necessary for the performance of its duties."

First, it is noted that no evidence was presented at the suppression hearing below that defendant was aware of the above rules and regulations. In *People* v. *Kosoff* (1973) 34 Cal.App.3d 920, 932 [110 Cal.Rptr. 391], the court held in part that no reasonable expectation of privacy existed because there was no evidence that defendant had knowledge of the particular federal postal regulations relied upon or that defendant had any actual expectation of privacy based on them. (See also *Armenta* v. *Superior Court* (1976) 61 Cal.App.3d 584, 594 [132 Cal.Rptr. 586].)

Secondly, in the present case, even if defendant had knowledge of the rules and regulations of the postal service at the time he rented the post

office box, the provisions noted above demonstrate that any actual expectation of privacy of his name and residential address could not have been objectively reasonable or justifiable. Furthermore, by voluntarily exposing his name and address to postal employees, defendant assumes the risk that the information will be disclosed to government authorities.

We hold that, under the circumstances of this case, defendant had no reasonable expectation of privacy of his name and residential address given to the United States Postal Service when applying for a post office box.

The judgment is affirmed.

Woolpert, Acting P. J., and Hamlin, J., concurred.